# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN MULLANE, <br><br> Plaintiff, <br><br> - against - <br><br> PORTFOLIO MEDIA, INC. <br><br> Defendant. | **Docket No.** _____ |

## NOTICE OF REMOVAL

TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Portfolio Media, Inc., hereby removes the above-captioned action from the Massachusetts Superior Court, County of Suffolk, to the United States District Court for the District of Massachusetts. The grounds for removal are as follows:

1.  By letter dated April 5, 2019, Plaintiff Jonathan Mullane sent to Defendant a "Demand for a reasonable offer of settlement pursuant to Mass. Gen. Laws Ch. 93A § 9," a copy of which is attached hereto as Exhibit 1.

2.  On or about May 30, 2019, Plaintiff commenced this action as Docket No. 1984CV01774 in the Suffolk County Superior Court of the Commonwealth of Massachusetts (the "State Court Action"). A copy of the summons and Verified Complaint in the State Court Action is attached hereto as Exhibit 2.

3.  On or about June 28, 2019, Plaintiff filed a Verified Amended Complaint in the State Court Action (the "Amended Complaint" or "Am. Compl."). A copy of the Amended Complaint in the State Court Action is attached hereto as Exhibit 3.

4.  A copy of the docket in the State Court Action is attached hereto as Exhibit 4.

5.      Plaintiff claims to have served Defendant with process by sending the Summons and Verified Complaint by Federal Express on June 9, 2019.  Defendant received the Summons and Verified Complaint on June 14, 2019.

6.      The Amended Complaint asserts causes of action for libel *per se*, violation of Mass. Gen. Laws Ch. 93A § 9, public disclosure of private facts, tortious interference with prospective economic relations, intentional infliction of emotional distress, and violation of Mass. Gen. Laws Ch. 214 § 1B and Art. XIV of the Massachusetts Declaration of Rights.

7.      This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(3), and it may be removed to this Court under 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states and the matter in controversy is alleged to exceed the sum or value of $75,000, exclusive of interests and costs.  Because the State Court Action is pending in the Massachusetts Superior Court, County of Suffolk, removal of the State Court Action to this District Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a).

8.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1), which allows for removal of lawsuits between "citizens of different States and in which citizens or subjects of a foreign state are additional parties."  A corporation is deemed a citizen of any state in which it has been incorporated and the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).

9.      Plaintiff is a citizen of the Commonwealth of Massachusetts.  Am. Compl. ¶ 1.

10.     Defendant is a corporation incorporated under the laws of the State of New York, with its principal place of business in New York.  Am. Compl. ¶ 2.

11.     There is accordingly complete diversity between the parties for purposes of removal: Plaintiff is a citizen of Massachusetts, and Defendant is a citizen of New York.

12. The amount in controversy in this action also exceeds $75,000. Plaintiff alleged on the Civil Cover Sheet filed in the State Court Action that he seeks $19,500,000 in damages, not including his claim for treble damages. *See* Exhibit 5.

13. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant in the State Court Action are attached hereto.

14. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly give notice of this filing to Plaintiff and will file a copy of this Notice of Removal with the clerk of the Suffolk County Superior Court.

15. Pursuant to Local Rule 81.1(a), Defendant will file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court within 28 days of filing this Notice of Removal.

16. Defendant reserves the right to amend or supplement this Notice of Removal.

Dated: Boston, Massachusetts
July 9, 2019

Respectfully submitted,

BROWN RUDNICK LLP

By: /s/ *Rebecca M. Lecaroz*
Elizabeth A. Ritvo (BBO #421440)
Rebecca MacDowell Lecaroz (BBO #666860)
One Financial Center
Boston, MA 02011
(617) 856-8200 Phone
(617) 856-8201 Fax
eritvo@brownrudnick.com
rlecaroz@brownrudnick.com

Elizabeth A. McNamara (to be admitted *pro hac vice*)
Adam Lazier (to be admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP

1251 Avenue of the Americas, 21st Floor
New York, NY  10020-1104
(212) 489-8230 Phone
(212) 489-8340 Fax
lizmcnamara@dwt.com
adamlazier@dwt.com

*Attorneys for Defendant Portfolio Media, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon Jonathan Mullane (appearing *pro se*) by mail on July 9, 2019.

/s/ *Rebecca M. Lecaroz*
Rebecca M. Lecaroz

Dated:  July 9, 2019