## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JONATHAN MULLANE, | ) ) ) | DOCKET NO. 1:19-CV-11496-PBS-JGD |
| *Plaintiff,* | ) ) | |
| v. | ) ) | |
| PORTFOLIO MEDIA, INC. and AARON LEIBOWITZ, | ) ) ) | Removed from Suffolk County Superior Court Docket No. 1984-CV-01774 |
| *Defendants.* | ) ) ) | |

## PLAINTIFF'S MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITIES

COMES NOW Plaintiff Jonathan Mullane (hereinafter, "Plaintiff"), and respectfully moves this Honorable Court for leave to submit the attached supplemental authorities, annexed hereto as **EXHIBITS A-D.**

In support hereof, Plaintiff shows unto the Court as follows:

1. In the First Circuit, courts routinely permit the filing of supplemental authorities after a brief has already been submitted. See, e.g., Nationstar Mortg. LLC v. Kilmer, No. 17-CV-30161-MGM, 2019 U.S. Dist. Lexis 19333 (D. Mass. Jan. 17, 2019); Kendall v. Metro. Life Ins. Co. (In re New Eng. Mut. Life Ins. Co. Sales Practices Litig.), 324 F. Supp. 2d 288 (D. Mass. 2004).

2. At the September 23, 2019 oral argument before this Honorable Court, the Court inquired as the liability of "original publishers" for a "republication" made by a third party (*e.g.*, internet hyperlinks).

3. Plaintiff contended *inter alia* that, under Massachusetts law, "original publishers" are liable for any foreseeable "republications" made by a third party within this Commonwealth—*regardless* of whether or not that third-party "re-publisher" was acting as an agent of the "original publishers," or on their behalf.

4. Plaintiff further posited that posting a hyperlink to a defamatory article constitutes a "republication" within the meaning of § 581(b), Restatement (Second) of Torts:

> **b. Republication of libel. Each time a libelous article is *brought to the attention* of a third person, a new publication has occurred, and each publication is a *separate tort*.** Thus, each time a libelous book or paper or magazine is sold, a new publication has taken place which, if the libel is false and unprivileged, will support a separate action for damages against the seller. So too, each time a libelous article is reprinted or redistributed, a new publication is made and a fresh tort is committed. It is no defense that the publisher name the author or original publisher of the libel. Thus, a newspaper is liable if, without a privilege, it republishes a false and defamatory statement, although it names the author and the paper in which the article first appeared. The republication of a libelous article, being a separate publication, may make the publisher liable although the original publisher is protected by a privilege [ . . . . ] (Emphasis supplied).

5. The doctrine of republication *also* applies to the "re-publication" of **slander** within Massachusetts (*e.g.*, the repetition of certain slanderous oral statements made by Judge Moreno in the State of Florida):

**c. Repetition of slander.** The exception stated in § 581 refers only to the dissemination of a libel and therefore is inapplicable to qualify the rule stated in this Section as to the repetition of a slander. Thus, **one who repeats a slanderous rumor originally published by a third person is liable to the person defamed as though he had himself originated the statement. This is so although the speaker accompanies the slander with a statement that it is a rumor only, or designates the name of the author thereof. The rule stated is also applicable although the person to whom the slander is repeated has already heard similar statements from other sources and whether such person believes or disbelieves the defamatory imputation.** (Emphasis supplied).

6. For the convenience of the Court, and with a view to assist the Court in its jurisdictional inquiry and analysis in this matter, annexed hereto are the relevant portions of the **Restatement (Second) of Torts**, *viz.*:

    (i)     **§ 577** ("What Constitutes [a] Publication");

    (ii)    **§ 578** ("Liability of Republished");

    (iii)   **§ 580** ("Intention"); and

    (iv)    **§ 581** ("Circulation of Libel Created by [a] Third Person").

## CONCLUSION

**WHEREFORE,** Plaintiff respectfully prays that this Honorable Court grant him leave to submit the annexed supplemental authorities.

Respectfully submitted,

/s/ Jonathan Mullane
JONATHAN MULLANE,
Plaintiff *pro se*
60 Clyde Street, Unit #1
Somerville, MA 02145
Tel.: (617) 800-6925
j.mullane@icloud.com

DATED: September 24, 2019

## L.R. 7.1(a)(2) CERTIFICATION

      Pursuant to L.R. 7.1(a)(2) the undersigned hereby certifies that he conferred with counsel for Defendants via telephone on September 24, 2019, who did not assent to Plaintiff's request to submit the annexed supplemental authorities.

                                                    /s/ Jonathan Mullane
                                                    JONATHAN MULLANE


## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that this filing submitted via the CM/ECF system shall be transmitted electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF"), and that paper copies shall be mailed via first class mail, postage prepaid, to those indicated as non-registered participants on the date of filing.

DATED:     September 25, 2019         /s/ Jonathan Mullane
                                                                 JONATHAN MULLANE