UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN MULLANE,<br><br>        Plaintiff,<br><br>v.<br><br>PORTFOLIO MEDIA, INC., and AARON LEIBOWITZ,<br><br>        Defendants. | Case No. 1:19-cv-11496 |

**DEFENDANT PORTFOLIO MEDIA, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE MOTION TO SUPPLEMENT THE RECORD**

Elizabeth A. Ritvo (BBO #421440)
Rebecca MacDowell Lecaroz (BBO # 666860)
BROWN RUDNICK LLP
One Financial Center
Boston, MA 02011
(617) 856-8200 Phone
(617) 856-8201 Fax
eritvo@brownrudnick.com
rlecaroz@brownrudnick.com

Elizabeth McNamara (admitted *pro hac vice*)
Adam Lazier (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
(212) 489-8230 Phone
(212) 489-8340 Fax
lizmcnamara@dwt.com
adamlazier@dwt.com

*Attorneys for Defendant Portfolio Media, Inc.*

Less than a week after Aaron Leibowitz moved to Florida, Defendant Portfolio Media, Inc. ("Portfolio Media") sought leave from the Court to supplement the record with a declaration from Mr. Leibowitz attesting to his change in domicile. Dkt. 53 (the "Motion to Supplement"). Evidently recognizing that Mr. Leibowitz's change in domicile essentially vitiates his remand motion, Plaintiff moves to strike the evidence, Dkt. 55 ("Mot."). This latest unfounded motion by Plaintiff should be denied for several independent reasons.

*First,* Plaintiff argues the Motion to Supplement is "untimely." Mot. at 2. This makes little sense: the purpose of the motion to supplement was to update the Court on Mr. Leibowitz's change in domicile, and Portfolio Media filed it just *six days* after Mr. Leibowitz's move to Florida. Portfolio Media promptly filed the notice since Mr. Leibowitz's change in domicile is highly material to the remand motion under 28 U.S.C. § 1447(e). Plaintiff can no longer credibly claim that keeping this case in federal court prejudices him. Now that Mr. Leibowitz is a diverse party as well, Plaintiff can simply move to join him as a defendant. The fact he continues to press for remand even after Defendants have offered to consent to Mr. Leibowitz's joinder in federal court, *see* Motion to Supplement at 2, is the clearest indication yet that his remand motion represents nothing more than an improper desire to forum shop and further harass Portfolio Media.[1]

---

[1] Plaintiff purports to respond to this argument by arguing that "[i]t is well-settled law that, in analyzing the citizenship of Parties for diversity jurisdiction (or lack thereof) under 28 U.S.C. § 1332, the Court is **required to look to a given party's citizenship at the precise moment in time when he or she was served**." Mot. 5. He cites no authority for the statement, and in fact courts hold that diversity for a newly-added defendant is assessed as of the date when the amended complaint *is filed*. *See, e.g., Drevaleva v. Alameda Health Sys.*, 2017 U.S. Dist. LEXIS 87601, at *12 (N.D. Cal. June 7, 2017); *Chamarac Properties, Inc. v. Pike*, 1992 U.S. Dist. LEXIS 16860, at *42 (S.D.N.Y. Nov. 2, 1992); *Louwers v. Knight-Ridder Newspapers, Inc.*, 570 F. Supp. 1211, 1212-13 (E.D. Mich. 1983). But this Court need not reach the question of whether Plaintiff's improper filing of his Second Amended Complaint without leave amounts to "filing" under this rule (or whether that defect can be cured retroactively), because in any event denying the motion to remand under 28 U.S.C. § 1447(e) would cause Plaintiff no prejudice.

*Second,* Plaintiff suggests the Motion to Supplement was really filed "to belatedly report Leibowitz's resignation [from Portfolio Media] to this Court." Mot. 2. Yet, whether Mr. Leibowitz still works for Portfolio Media is irrelevant to this action and the motion to remand. Plaintiff's motion to remand turned on Mr. Leibowitz's residence, not who employed him. Indeed, Mr. Leibowitz's employment status only matters to the entire action to the extent that it establishes Portfolio Media was vicariously liable for his conduct – an analysis which depends on whether Mr. Leibowitz was employed by Portfolio Media and acting within the scope of his employment *in December 2018*, when he allegedly posted the hyperlink about which Plaintiff complains. *See, e.g., Depianti v. Jan-Pro Franchising Int'l*, 465 Mass. 607, 614 (2013) ("Generally, vicarious liability may be imposed where 'the relation of master and servant existed *at the time the plaintiff was injured*, whereby the…act of the servant was legally imputable to the master'") (citation omitted) (emphasis added). Mr. Leibowitz's present employment status has nothing to do with whether Portfolio Media was vicariously responsible for the tweet that was published when he still worked for Law360.

*Next,* Plaintiff blatantly misrepresents what Portfolio Media's counsel said in an effort to make Mr. Leibowitz's employment status seem relevant and by extension somehow suggest that Portfolio's Media's notice was untimely. According to Plaintiff, at the September 23 hearing on the remand motion, Portfolio Media's counsel told the Court that the company "had complete control of Leibowitz's personal Twitter account and libelous postings, and for that reason, naming Leibowitz as a defendant in this action was allegedly unnecessary." Mot. 3. As the transcript from that hearing shows, however, counsel specifically told the Court that she did not know whether Portfolio Media controlled Leibowitz's Twitter account, and that what mattered was instead whether Mr. Leibowitz was acting within the scope of his employment in December

2

2018.  *See* Transcript of September 23, 2019 hearing[2] at 26:10-15 ("There's no reason to believe, whether he was doing this on his personal Twitter account or, you know, the company Twitter account, which *I don't know that they have a company Twitter account*, there's no allegation and no reason to suspect that he was acting other than within the full scope of his employment.") (emphasis added); *id*. at 27:10-13 ("Even the fact which has been raised by Mr. Mullane today that this was a personal Twitter account, I don't know that to be true.  *I can't say it's false*.  It's not in the Complaint.") (emphasis added); *see also id.* at 13:25-14:3 (arguing that joinder of Mr. Leibowitz is not necessary "given that he was an employee of Portfolio Media *at the time of the linking*, and under standard respondeat superior notions, Portfolio Media would be the party in interest.") (emphasis added).[3]

*Finally,* Plaintiff also suggests that the Court should strike Mr. Leibowitz's declaration to punish Portfolio Media for "unconscionably" failing to consent to his motion for judicial notice. But this too is based on a misrepresentation.  Mot. 2.  On Saturday, October 12, 2019, Plaintiff sent counsel for Defendants an email advising of his intent to move for judicial notice "of Defendant Leibowitz's resignation from his employment at Portfolio Media."  Declaration of Elizabeth A. McNamara dated November 12, 2019 Ex. 1.  Sixteen minutes later, counsel responded "please send us what you propose to file and I'll let you know our position." McNamara Decl. Ex. 2.[4]  Plaintiff never responded, and instead filed his motion the following

---

[2] Portfolio Media is not filing the transcript itself because the deadline to request redactions has not yet passed.  It will provide Plaintiff with a copy of the transcript and would be pleased to file a copy with the Court upon request.

[3] Plaintiff's suggestion that a notice of change of domicile is an improper "second brief" should be accorded no weight, given that at the same time he is chastising Defendants for *not* providing notice of Mr. Leibowitz's change in employment and then later domicile.

[4] Plaintiff's eventual motion demonstrates why counsel asked to see it before consenting – among other things, it asked the Court to take judicial notice of something not mentioned in

3

Monday, with a certification stating that counsel for Defendants "did not give their assent to Plaintiff's request for judicial notice." Dkt. 52.

For these reasons, Portfolio Media respectfully requests that the Court deny Plaintiff's motion to strike.

Dated: Boston, Massachusetts
November 12, 2019

Respectfully submitted,

BROWN RUDNICK LLP

By: */s/ Rebecca M. Lecaroz*
Elizabeth A. Ritvo (BBO #421440)
Rebecca MacDowell Lecaroz (BBO # 666860)
One Financial Center
Boston, MA 02011
(617) 856-8200 Phone
(617) 856-8201 Fax
eritvo@brownrudnick.com
rlecaroz@brownrudnick.com

Elizabeth McNamara (admitted *pro hac vice*)
Adam Lazier (admitted *pro hac vice*)
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
(212) 489-8230 Phone
(212) 489-8340 Fax
lizmcnamara@dwt.com
adamlazier@dwt.com

*Attorneys for Defendant Portfolio Media, Inc.*

---

Plaintiff's pre-motion email: "Leibowitz's **continued** and ongoing publication of libelous representations." *See* Dkt. 52.

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served electronically by the U.S. District Court for the District of Massachusetts Electronic Document Filing System (ECF) on the parties of record on this 12th day of November, 2019.

*/s/ Rebecca M. Lecaroz*
Rebecca M. Lecaroz
